UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALEX MILLER, #008870, | ) ) ) |
| Plaintiff, | ) ) No. 3:22-cv-00728 |
| v. | ) ) ) |
| OFFICER f/n/u DOWNS, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Alex W. Miller, a pretrial detainee in the custody of the Rutherford County Adult Detention Center in Murfreesboro, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Officer f/n/u Downs and the Rutherford County Adult Detention Center, alleging violations of Plaintiff's civil rights. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I. PLRA SCREENING STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

1

The court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. ALLEGED FACTS

While in the custody of the Rutherford County Adult Detention Center, Plaintiff, a pretrial detainee, fell on March 1, 2022, and requested medical care for his injuries. The employee "in the tower" told Plaintiff that "it wasn't a medical emergency." (Doc. No. 1 at 6). Plaintiff subsequently requested medical assistance several times and did not receive it in a timely manner.

On March 23, 2022, Plaintiff was given the wrong medication.

On April 15, 2022, Officer Downs "assaulted" Plaintiff, injuring Plaintiff's neck. (Id. at 7). Plaintiff "wasn't [being] disrespectful or breaking any rule in any way, form, or fashion." (Id.)

On May 26, 2022, Plaintiff underwent an eight-hour surgery due to injuries he sustained in the March fall and the April assault.

As relief, Plaintiff seeks unspecified money damages "due to [his] spinal surgery[,] due to Officer Downs and [due to Plaintiff] slipping and falling." (Id. at 9).

## IV. ANALYSIS

The complaint names two Defendants to this action: the Rutherford County Adult Detention Center and Officer f/n/u Downs in his individual and official capacities. (Doc. No. 1 at 2).

First, the Rutherford County Adult Detention Center is a building, not a "person" who can be sued under 42 U.S.C. § 1983. Cf. Seals v. Grainger Cnty. Jail, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."); Fuller v. Cocran, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing Section 1983 claims against the Bradley County Justice Center on the same basis). Thus, the complaint fails to state a Section 1983 claim upon which relief can be granted against the Rutherford County Adult Detention Center, and this claim will be dismissed.

With respect to Officer Downs in his individual capacity, the complaint alleges that, without reason, he "assaulted" Plaintiff, resulting in injuries to Plaintiff's neck that ultimately required surgery. Plaintiff was a pretrial detainee at the time of the alleged use of excessive force by Officer Downs. The legal status of an alleged victim of excessive force is significant because the conduct of the offending officer must be analyzed under the standard appropriate to the applicable constitutional provision. See Coley v. Lucas Cnty., Ohio, 799 F.3d 530, 538-39 (6th

3

Cir. 2015) ("The Supreme Court has recently clarified . . . that when assessing pretrial detainees excessive force claims we must inquire into whether the plaintiff shows 'that the force purposefully or knowingly used against him was objectively unreasonable.'") (quoting Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015)).

The Fourteenth Amendment's Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment. See Kingsley, 576 U.S. at 397. A pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable in order to demonstrate that it was excessive in violation of the Fourteenth Amendment's Due Process Clause. See id. The inquiry is highly fact-dependent, and must take into account the "perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. It should also account for "the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,'" id., and defer when appropriate to "'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" Id. (quoting Bell v. Wolfish, 441 U.S. 520, 540 (1979)). The Court further instructs:

> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

Id. This list is not exclusive. Kingsley also reaffirms that pretrial detainees cannot be subjected to "the use of excessive force that amounts to punishment," id. (quoting Graham v. Connor, 490 U.S. 386, 395 n.10 (1989)), precisely because they "cannot be punished at all," id. at 2475.

Courts have long recognized that a spontaneous assault by a prison guard on an inmate is grounds for an excessive force claim. Pelfrey v. Chambers, 43 F.3d 1034, 1037 (6th Cir. 1995);

4

Moore v. Holbrook, 2 F.3d 697, 700-01 (6th Cir. 1993) (holding that an inmate's allegations that he was handcuffed in his cell and then beaten by prison guards would constitute a valid Eighth Amendment claim). Similarly, where an arrestee poses no threat to others and is not trying to escape, an "unprovoked and unnecessary blow" violates the Constitution. McDowell v. Rogers, 863 F.2d 1302, 1307 (6th Cir. 1988). Courts have held that throwing an unresisting, handcuffed arrestee to the floor and subsequently banging his head against the floor constitutes excessive force. Phelps v. Coy, 286 F.3d 295, 301-02 (6th Cir. 2002); Dugan v. Brooks, 818 F.2d 513, 516-17 (6th Cir. 1987) (holding that spontaneously striking an arrestee on the head, knocking him to the floor and causing serious injury, would violate his Fourth Amendment rights); Adams v. Metiva, 31 F.3d 375, 385 (6th Cir. 1994) (holding that continuing to spray mace in the face of an incapacitated arrestee would constitute excessive force).

Because the Fourteenth Amendment, like the Fourth Amendment, must look to whether the force used was objectively unreasonable, the inquiry in both contexts focuses on the force itself rather than the injury. A plaintiff may "allege use of excessive force even where the physical contact between the parties did not leave excessive marks or cause extensive physical damage." Ingram v. City of Columbus, 185 F.3d 579, 597 (6th Cir. 1999). "[T]he 'extent of the injury inflicted' is not 'crucial to an analysis of a claim for excessive force in violation of the Fourth Amendment.'" Morrison v. Bd. of Tr. of Green Twp., 583 F.3d 394, 407 (6th Cir. 2009) (quoting Baskin v. Smith, 50 F. App'x 731, 737 n.2 (6th Cir. 2002)). Courts look instead to whether "gratuitous violence" has been inflicted. Pigram ex rel. Pigram v. Chaudoin, 199 F. App'x 509, 513 (6th Cir. 2006) (citing Phelps, 286 F.3d at 302). Even so, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment," and the same principle applies to the Fourteenth Amendment. Graham, 490 U.S. at 396.

In light of this Fourteenth Amendment standard and the allegations of the complaint, the Court finds that the complaint states a colorable excessive force claim under Section 1983 against Defendant Downs in his individual capacity. This claim will proceed for further development.

Although the complaint alleges that Plaintiff failed to receive prompt medical treatment for the injuries he sustained, the complaint does not allege that Officer Downs was involved in any decisions with respect to Plaintiff's medical care. Indeed, the complaint does not identify any individual or entity responsible for Plaintiff's alleged inadequate medical care. "The who is important; to state a claim under § 1983, [Plaintiff] must allege the violation of a constitutional right by a person acting under color of state law." Chapple v. Franklin Cnty., No. 2:21-cv-50866, 2022 WL 856815, at *8 (S.D. Ohio Mar. 23, 2022) (citing Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ., 542 F.3d 529, 534 (6th Cir. 2008)). "It is a basic pleading requirement that a plaintiff attribute factual allegations to particular defendants." Stubbs v. Pelky, No. 2:22-cv-121, 2022 WL 4714922, at *3 (W.D. Mich. Oct. 3, 2022) (citing Bell Atlantic v. Twombly, 550 U.S. 544, 544 (2007)).

Because Plaintiff's excessive force is proceeding against Officer Downs in his individual capacity and Plaintiff is proceeding pro se, the Court will permit Plaintiff to amend his complaint, if he so desires, to identify the individual(s) responsible for his alleged inadequate medical treatment.

Next, the complaint names Officer Downs as a Defendant in his official capacity. When a defendant is sued in his official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." Pusey v. City of Youngstown, 11 F.3d 652, 657 (6th Cir. 1993). Here, the complaint alleges that Officer Downs is an officer employed by the

Rutherford County Adult Detention Center, which is operated by Rutherford County, Tennessee.[1] A claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision, or custom promulgated by the city, county, or its agent. Monell Dep't of Social Svcs., 436 U.S. 658, 690-691 (1978). In short, for Rutherford County to be liable to Plaintiff under Section 1983, there must be a direct causal link between an official policy or custom and the alleged violation of Plaintiff's constitutional rights. City of Canton v. Harris, 489 U.S. 378, 385 (1989); Burgess v. Fisher, 735 F.3d 462, 478 (6th Cir. 2013) (citing Monell, 436 U.S. 658, 693). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. Burgess, 735 F.3d at 478.

Here, the complaint does not identify or describe any of the County's policies, procedures, practices, or customs relating to the incidents at issue; the complaint does not identify any particular shortcomings in training or supervision or how those shortcomings caused the alleged violations of Plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put the County on notice of a problem. See Okolo v. Metro. Gov't of Nashville, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); Hutchison v. Metro. Gov't of Nashville, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); Johnson v. Metro. Gov't of Nashville, No. 3:10-cv-0589, 2010 WL 3619790, at **2-3 (M.D. Tenn. Sept. 13, 2010). Accordingly, the Court finds that the complaint does not contain sufficient allegations to state a claim for municipal liability under

---

[1] *See* https://rcsotn.com/detention_adult (last visited on Oct. 6, 2022).

7

Case 3:22-cv-00728   Document 5   Filed 10/18/22   Page 7 of 9 PageID #: 63

Section 1983 against Rutherford County. Consequently, Plaintiff's official capacity claim against Officer Downs, which is actually a claim against Rutherford County, will be dismissed.

Finally, the complaint alleges that Plaintiff fell while in the custody of the Rutherford County Adult Detention Center, and Plaintiff seeks compensation "due to slipping and falling." (Doc. No. 1 at 9). Once again, the complaint fails to identify the individual(s) responsible for the conditions leading to Plaintiff's fall. Even so, federal courts have consistently held that slippery prison floors and icy walkways do not give to a constitutional violation. See White v. Tyszkiewicz, 27 F. App'x 314, 315 (6th Cir. 1994) (affirming dismissal of prisoner's civil rights complaint arising from slip and fall on ice); Brown v. Lafler, No. 07-14955, 2008 WL 4937951, *2 (E.D. Mich. Nov. 13, 2008) (adopting magistrate judge's report finding that prisoner's complaint of injury arising from failure to clear icy prison walkway did not state an Eighth Amendment claim); accord Atkins v. Sheriff's Jail Avoyelles Parish, 278 F. App'x 438, 439 (5th Cir. 2008) (upholding dismissal of slip and fall complaint as frivolous and for failure to state a claim); Bell v. Ward, 88 F. App'x 125, 127 (7th Cir. 2004) (wet floors do not pose a substantial risk of serious harm); LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not even state an arguable claim for cruel and unusual punishment"); Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004) (quoting Mitchell v. West Virginia, 554 F. Supp. 1215, 1217 (N.D.W.Va.1983) ("[s]imply put, a slip and fall, without more, does not amount to cruel and unusual punishment . . . . Remedy for this type of injury, if any, must be sought in state court under traditional state tort law principles.")). That is because accidents, mistakes, and other types of negligence are not considered constitutional violations merely because the victim is a prisoner." Nali v. Michigan Dept' of Corrs., No. 2:07-cv-255, 2009 WL 3052227, at *6 (W.D. Mich. Sept. 21, 2009) (citing Acord v. Brown, No. 93-2083, 1994 WL 679365, at *2) (6th Cir. Dec. 5, 1997).

Because the complaint would not state a colorable claim under Section 1983 even if Plaintiff had identified a Defendant to the claim, the Court will not permit Plaintiff to amend the complaint regarding his "slip and fall" claim. However, this ruling does not address any state-law negligence claims Plaintiff may have against any individual or entity. The Court makes no representations herein regarding the viability or timeliness of such claims.

## V. CONCLUSION

Having screened the complaint pursuant to the PRLA, the Court finds that the complaint states a colorable excessive force claim under Section 1983 against Defendant Downs in his individual capacity. This claim shall proceed.

Further, the Court will permit Plaintiff to amend his complaint, if he so desires, to identify the individual(s) responsible for his alleged inadequate medical treatment under Section 1983.

The claims against Officer Downs in his official capacity will be dismissed.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE