# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ALEX W. MILLER ) | |
|     Plaintiff, ) | |
| v. ) | Civil Action No. 3:22-cv-728 |
| ) | Chief Judge Crenshaw/Frensley |
| OFFICER F/N/U/ DOWNS ) | |
|     Defendant. ) | |

## REPORT AND RECOMMENDATION

By Order October 18, 2022 (Docket No. 6), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

This action was filed on September 20, 2022, (Docket No. 1). On initial review, the Plaintiff was ordered to file an Amended Complaint. Docket No. 6. Plaintiff thereafter filed an Amended Complaint and on March 2, 2023, the Clerk of Court sent a service packet to the Plaintiff for the remaining Defendants with instructions for Plaintiff to complete the service packets and return them to the clerk's office within thirty (30) days of the entry of the order. Docket No. 10. The Plaintiff failed to comply with the requirement to return the service packets within thirty (30) days. The Court entered a show cause order instructing the Plaintiff to return the service packets or show cause as to why the matter should not be dismissed by July 27, 2023. Docket No. 11. Plaintiff was forewarned that failure to return the service packets or respond to the show cause order could result in a recommendation that the matter be dismissed. *Id.*

To date, the Plaintiff has not returned the completed service packet or otherwise made any type of response to the July 7, 2023, Order. The docket for the case indicates that Plaintiff has had no contact with the Court or made any filing since filing a notice on November 15, 2022. Docket

No. 8

Rule 4(m) requires that the defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because the Defendants in this case have not been served with process within the time period set out in Rule 4(m), this action should be dismissed.

It is also well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F. 2d 159, 161 (6th Cir. 1980). Plaintiff's failure to return the service packets to the clerk for service as directed or to otherwise take any activity in the case indicates that he has lost interest in prosecuting his case.

For the reasons set forth herein, the Court respectfully recommends this action be **DISMISSED WITHOUT PREJUDICE** in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**